Alan Harris (SBN 146079)
David Garrett (SBN 160274)
Lin Zhan (SBN 317087)
HARRIS & RUBLE
655 North Central Avenue 17th Floor
Glendale California 91203
Tel: 323.962.3777
Fax: 323.962.3004
harrisa@harrisandruble.com
dgarrett@harrisandruble.com
lzhan@harrisandruble.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY CORREA, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>  v.<br><br>BONDED FILMS, LLC, a California Limited Liability Company, JONATHAN GRAHAM, an individual, MOHIT RAMCHANDANI, an individual, and DOE 1 through and including DOE 10,<br><br>        Defendants. | Case No:<br><br>**COMPLAINT**<br>[*Class Action; FLSA Collective Action; potential PAGA Representative Action*]<br><br>1.  Cal. Lab. Code §§ 201.5 and 203, Continuing Wages<br><br>2.  Section 226(a) of the California Labor Code, Failure to Provide Pay Stubs<br><br>3.  Cal. Lab. Code §§ 510 and 1198, Failure to Pay Overtime<br><br>4.  Cal Lab. Code §§ 1194, 1197 and 1197.1, Failure to Pay Minimum Wages<br><br>5.  Cal. Bus. & Prof. Code § 17200, Unfair Competition<br><br>6.  Cal. Lab. Code § 226(b), Failure to Provide Employment Records<br><br>7.  Cal. Lab. Code § 1198.5, Failure to Provide Employment Records<br><br>8.  Fair Labor Standards Act, 29 U.S.C. § 201 et seq.<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Gary Correa, by and through his undersigned attorneys, allege as follows:

## JURISDICTION AND VENUE

1.      This is a class action and the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.,* seeking relief under state and federal law on account of unpaid wages, unpaid overtime, damages, continuing wages, liquidated damages, penalties, restitution, and attorneys' fees and costs.

2.      The venue is proper in this Central District of California since a substantial part of the events or omissions giving rise to the claims occurred in this District. Defendants maintain an office, transact business, have an agent, or are found in the County of Los Angeles and are within the jurisdiction of this Court for purposes of service of process.  The violations of the Fair Labor Standards Act alleged herein had a direct effect on and were committed within the Central District of California, impacting Plaintiff and the Aggrieved Employees.  This Court may have supplemental and/or ancillary jurisdiction with respect to the state law claims alleged herein.

## INTRODUCTION

3.      Plaintiff Gary Correa ("Correa") is an individual, who, during the time periods relevant to this Complaint, was and is a resident of the County of Los Angeles, State of California.

4.      Defendant Bonded Films, LLC ("Bonded Films") is a California limited liability company, which at all times relevant herein, conducted business within the Central District of the State of California.

5.      Defendant Jonathan Graham ("Graham") is the manager of Bonded Films, which at all times relevant herein, conducted business within the Central District of the State of California.

6.      Defendant Mohit Ramchandani ("Ramchandani") is the manager of Bonded Films, which at all times relevant herein, conducted business within the Central District of the State of California.

7.     Defendants Doe One through and including Doe Ten are sued herein under the provisions of section 474 of the California Code of Civil Procedure.  Plaintiff is unaware of the true names, identities or capacities, whether corporate, individual or otherwise, of said fictitiously named defendants, but leave of Court will be prayed to amend this pleading to insert the same herein when finally ascertained.  Plaintiff is informed, believes and thereupon allege that each of the fictitiously named Defendants is an entity, which during the relevant time period maintained a place of business in the Central District of the State of California.

8.     Plaintiff is informed and believes and thereon allege that, at all times herein mentioned, Defendants, and each of them, were the agents, servants, employees, and/or joint ventures of their co-Defendants as aforesaid, when acting as a principal, were negligent and reckless in the selection and hiring of each and every other Defendants as an agent, servant, employee, corporate officer, and/or joint venture, and that each and every Defendant ratified the acts of the co-Defendants.

## GENERAL ALLEGATIONS

9.     Defendant Bonded Films is a production company that was producing a feature film entitled "This is America" (the "Production").  Bonded Films employed Correa as a crew member for the Production.

10.     Defendants employed Correa as a crew member on the Production on or about September 28, 2018 and October 2, 2018.  On September 28, 2019, Plaintiff has worked for some ten hours on the Production but he did not receive the pay check until November 15, 2018. Plaintiff should have been paid in full for his accrued minimum wages and overtime, issued legally compliant wage statements, and reimbursed for all expenses no later than as prescribed by California Labor Code ("Code") § 201.5.  He has yet to be paid other sums owed to him.

11.     Defendants have failed to properly compensate Plaintiff and/or other persons who performed services on the Production or other such projects produced in California ("Aggrieved Employees"). Plaintiff and the Aggrieved Employees worked overtime on

the filming of the Production, toiling in excess of eight hours in a single day.

12.    At all relevant times mentioned herein, Wage Order 11 and/or 12 of the California Industrial Welfare Commission applied to Plaintiff and Aggrieved Employees. In part, the Wage Order reflects employer obligations regarding hours and days of work, reporting time pay and records (obligations which the employer, here, failed to fulfill, both with respect to Plaintiff and Aggrieved Employees).  The Wage Order provides, in relevant part:

**3. Hours and Days of Work.**
(A) Daily Overtime - General Provisions
(1) The following overtime provisions are applicable to employees 18 years of age or over and to employees 16 or 17 years of age who are not required by law to attend school and are not otherwise prohibited by law from engaging in the subject work. Such employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1.5) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek. Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime as follows:
(a) Employees may be employed up to a maximum of sixteen (16) hours including meal periods in any one day from the time they are required and do report until dismissed, provided the employee is compensated for such overtime at not less than:
(1) For daily employees and weekly employees, excluding weekly employees guaranteed more than forty (40) hours a workweek and "on call" employees, one and one-half (1.5) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including twelve (12) hours in any one workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek; and
(2) Double the employee's regular rate of pay for all hours worked in excess of twelve (12) hours in any workday, , and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek.
(3) Overtime payments shall not be compounded and all payments made by the employer for daily overtime on the basis herein above specified shall be applied toward any sum for weekly overtime.

(4) The overtime rate of compensation required to be paid to a nonexempt full-time salaried employee shall be computed by using the employee's regular hourly salary as one-fortieth (1/40) of the employee's weekly salary. The overtime rate of compensation required to be paid to a nonexempt full-time salaried employee shall be computed by using the employee's regular hourly salary as one-fortieth (1/40) of the employee's weekly salary.

. . .

### 7. Records.

(A) Every employer shall keep accurate information with respect to each employee including the following:

(1) Full name, home address, occupation and social security number.

(2) Birth date, if under 18 years, and designation as a minor.

(3) Time records showing when the employee begins and ends each work period. Meal periods, split shift intervals and total daily hours worked shall also be recorded. Meal periods during which operations cease and authorized rest periods need not be recorded.

(4) Total wages paid each payroll period, including value of board, lodging, or other compensation actually furnished to the employee.

(5) Total hours worked in the payroll period and applicable rates of pay. This information shall be made readily available to the employee upon reasonable request.

(6) When a piece rate or incentive plan is in operation, piece rates or an explanation of the incentive plan formula shall be provided to employees. An accurate production record shall be maintained by the employer.

(B) Every employer shall semimonthly or at the time of each payment of wages furnish each employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately, an itemized statement in writing showing: (1) all deductions; (2) the inclusive dates of the period for which the employee is paid; (3) the name of the employee or the employee's social security number; and (4) the name of the employer, provided all deductions made on written orders of the employee may be aggregated and shown as one item.

(C) All required records shall be in the English language and in ink or other indelible form, properly dated, showing month, day and year, and shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California. An employee's records shall be available for inspection by the employee upon reasonable request.

Cal. Code Regs., Title 8 §§ 11110, 11120

13. At all relevant times mentioned herein, section 201.5 of the California Labor

Code provided in part:

(a) For purposes of this section, the following definitions apply:

(1) "An employee engaged in the production or broadcasting of motion pictures" means an employee to whom both of the following apply:

(A) The employee's job duties relate to or support the production or broadcasting of motion pictures or the facilities or equipment used in the production or broadcasting of motion pictures.

(B) The employee is hired for a period of limited duration to render services relating to or supporting a particular motion picture production or broadcasting project, or is hired on the basis of one or more daily or weekly calls.

(2) "Daily or weekly call" means an employment that, by its terms, will expire at the conclusion of one day or one week, unless renewed.

(3) "Next regular payday" means the day designated by the employer, pursuant to Section 204, for payment of wages earned during the payroll period in which the termination occurs.

(4) "Production or broadcasting of motion pictures" means the development, creation, presentation, or broadcasting of theatrical or televised motion pictures, television programs, commercial advertisements, music videos, or any other moving images, including, but not limited to, productions made for entertainment, commercial, religious, or educational purposes, whether these productions are presented by means of film, tape, live broadcast, cable, satellite transmission, Web cast, or any other technology that is now in use or may be adopted in the future.

(b) An employee engaged in the production or broadcasting of motion pictures whose employment terminates is entitled to receive payment of the wages earned and unpaid at the time of the termination **by the next regular payday**.

(c) The payment of wages to employees covered by this section may be mailed to the employee or made available to the employee at a location specified by the employer in the county where the employee was hired or performed labor. The payment shall be deemed to have been made on the date that the employee's wages are mailed to the employee or made available to the employee at the location specified by the employer, whichever is earlier.

(d) For purposes of this section, an employment terminates when the employment relationship ends, whether by discharge, lay off, resignation, completion of employment for a specified term, or otherwise.

(e) Nothing in this section prohibits the parties to a valid collective bargaining agreement from establishing alternative provisions for final

payment of wages to employees covered by this section if those provisions do not exceed the time limitation established in Section 204.

Cal. Lab. Code § 201.5.  At all relevant times mentioned herein, section 201.5 of the California Labor Code controlled final payment of wages to Plaintiff and the Aggrieved Employees.

14.     At all relevant times mentioned herein, section 203 of the California Labor Code provided:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202 and 202.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until action therefore is commence; but the wages shall not continue for more than 30 days.

Cal. Lab. Code § 203.

15.     By failing to pay Plaintiff and Aggrieved Employees all wages when due at the end of employment, Plaintiff and Aggrieved Employees are entitled to continuing wages pursuant to section 203 of the California Labor Code.

16.     At all times relevant herein, section 204 of the California Labor Code provided in part:

> All wages, other than those mentioned in Section 201, 201.3, 202, 204.1, or 204.2, earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays. Labor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and the 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month.

Cal. Lab. Code § 204.

17.     In no event should Plaintiff or the Aggrieved Employees have been paid later than the time periods established by sections 201.5 or 204 of the California Labor Code, but certain payments to Plaintiff and the Aggrieved Employees were made months

after they were due, or not at all, leading to penalties and civil penalties under sections 203 and 204 of the California Labor Code.

18.     At all times relevant herein, section 210 of the California Labor Code provided:

> In addition to, and entirely Bonded Films and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in Sections 204, 204b, 204.1, 204.2, 205, 205.5, and 1197.5, shall be subject to a civil penalty as follows: (a) For any initial violation, one hundred dollars ($100) for each failure to pay each employee; (b) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld.

Cal. Lab. Code § 210.

19.     At all relevant times mentioned herein, section 226 of the Code provided:

> (a) Every employer shall, semimonthly or at the time of each payment of wages, furnish each of their or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided, that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and their or her social security number, except that by January 1, 2008, only the last four digits of their or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.  The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the

place of employment or at a central location within the State of California.

...

(e) An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

. . .

(g) An employee may also bring an action for injunctive relief to ensure compliance with this section, and is entitled to an award of costs and reasonable attorney's fees.

Code § 226. Defendants employed Plaintiff and Aggrieved Employees, but, in all cases, Defendants failed to provide them with the data required by section 226(a) of the Code. For example, Defendants failed to provide the inclusive dates of the pay period on the wage statements, thereby making it impossible to determine, from the wage statement alone, the required information or the dates on which wage payments are due or the legal name and address of the employer. Bonded Films, did not specifically identify itself at the employer. All of the foregoing was intentional misconduct of Defendants that injured Plaintiff and Aggrieved Employees insofar as they were subjected to confusion and deprived of information to which they were legally entitled.

20.    At all relevant times mentioned herein, section 510(a) of the California Labor Code provided:

Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of at least one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of

no less than twice the regular rate of pay of an employee. Nothing in this section requires an employer to combine more than one rate of overtime compensation in order to calculate the amount to be paid to an employee for any hour of overtime work. The requirements of this section do not apply to the payment of overtime compensation to an employee working pursuant to any of the following:  (1) An alternative workweek schedule adopted pursuant to Section 511.  (2) An alternative workweek schedule adopted pursuant to a collective bargaining agreement pursuant to Section 514.

Cal. Lab. Code § 510.

21.    Defendants failed to pay proper overtime to Plaintiff and Aggrieved Employees.

22.    At all relevant times mentioned herein, section 1194 of the California Labor Code provided:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

Cal. Lab. Code § 1194.

23.    Plaintiff and Aggrieved Employees were not timely paid the minimum wages and/or overtime to which they were entitled.

24.    At all relevant times mentioned herein, section 558.1 of the California Labor Code provided:

(a) Any employer or other person acting on behalf of an employer, who violates, or causes to be violated,  any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, Sections 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation.

(b) For purposes of this section, the term "other person acting on behalf of an employer" is limited to a natural person who is an owner, director, officer, or managing agent of the employer, and the term "managing agent"

has the same meaning as in subdivision (b) of Section 3294 of the Civil
Code.

(c) Nothing in this section shall be construed to limit the definition of employer
under existing law.

Cal. Lab. Code § 558.1.  Defendants are the joint employers or other persons acting on
behalf of an employer who violated, or caused to be violated the relevant sections of the
Code referenced herein.

25.     At all relevant times mentioned herein, section 558 of the California Labor
Code provided:

> Any employer or other person acting on behalf of an employer who violates,
> or causes to be violated, a section of this chapter or any provision regulating
> hours and days of work in any order of the Industrial Welfare Commission
> shall be subject to a civil penalty as follows:  (1) For any initial violation,
> fifty dollars ($50) for each underpaid employee for each pay period for
> which the employee was underpaid in addition to an amount sufficient to
> recover underpaid wages.  (2) For each subsequent violation, one hundred
> dollars ($100) for each underpaid employee for each pay period for which
> the employee was underpaid in addition to an amount sufficient to recover
> underpaid wages.  (3) Wages recovered pursuant to this section shall be paid
> to the affected employee.

Cal. Lab. Code § 558.  Defendants are the employers or other persons acting on behalf of
an employer who violated, or caused to be violated the relevant sections of the California
Labor Code referenced herein.

## CLASS ACTION ALLEGATIONS

26.     Plaintiff brings the first through fifth claims for relief alleged below pursuant
to Rule 23 of the Federal Rules of Civil Procedure.  Rule 23 provides, in part:

> (a) Prerequisites.  One or more members of a class may sue or be sued
> as representative parties on behalf of all members only if:  (1) the class is so
> numerous that joinder of all members is impracticable; (2) there are
> questions of law or fact common to the class; (3) the claims or defenses of
> the representative parties are typical of the claims or defenses of the class;
> and (4) the representative parties will fairly and adequately protect the

interests of the class.

(b) Types of Class Actions.  A class action may be maintained if Rule 23(a) is satisfied and if:  . . . (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

27.    Pursuant to subdivisions (b)(3) of Rule 23, Plaintiff seeks to represent a Class consisting (hereafter referred to as the "Class") of:

All Aggrieved Employees, defined as Plaintiff and other employees who were paid wages on account of services performed for Defendants during the period during the period beginning no earlier than three years prior to the filing hereof to the mailing of class notice (such persons are referred to hereafter as "Class Members."), and such period is referred to hereafter as the "Class Period").

28.    The number of persons within the Class is great, believed to be in excess a hundred.  It is therefore impractical to join each class member as a named plaintiff. Accordingly, the utilization of a class action is the most economically feasible means of determining the merits of this litigation.

29.    Despite the numerosity of the members of the Class, membership within it is readily ascertainable through an examination of the records that Defendants is required by law to keep and that it has kept.  Likewise, the dollar amounts owed to Plaintiff and Class Members are readily ascertainable by an examination of the same records.

30.    Each Class is proper insofar as common questions of fact and of law predominate over individual issues regarding the money owed and wage statement issued to each class member.

31.    There is a well-defined community of interest in the questions of law and fact common to the Class.  The key questions are the same for each Class Member, namely,

(a) Whether the class member as an employee of Defendants within California was paid timely;

(b) Whether Defendants' failure to compensate for all hours worked resulted in a

failure to pay minimum wages and overtime wages;

(c) Whether Defendants' failure to provide pay stubs in violation of Section 226(a) of the California Labor Code,

(d) Whether the failure to timely pay all ways give rise to liquidated damages under the FLSA.

32. Plaintiff's claims are typical of the claims of Class Members, which all arise out of the same general operative facts, namely, that Defendants have a policy and practice of not paying for all hours worked and timely paying class members. Plaintiff has no conflict of interest with Class Members, and he is able to represent the common interests fairly and adequately.

33. A class action is a far-superior method for the fair and efficient adjudication of this controversy for a number of reasons. First, the persons within the Class are numerous, and joinder of all of them is impractical. Second, the disposition of all class members' claims in a single class action rather than in individual actions will benefit both the parties and the Court. In that regard, the claims of each individual Class Member are too small to litigate individually, and the commencement of hundreds of separate actions would lead to an undue burden on scarce judicial and administrative resources. The alternative of individual proceedings before California's Labor Commissioner is impractical inasmuch as that agency has insufficient resources to process such claims promptly, and, under the provisions of California Labor Code section 98.2, if the individual Class Members were to succeed in obtaining awards in their favor, such awards would be appealable as a matter of right for a de novo trial in Superior Court, leading to a multiplicity of such trials in that court. In addition, absent class treatment, employees will most likely be unable to secure redress given the time and expense necessary to pursue individual claims, and individual class members will likely be unable to retain counsel willing to prosecute their claims on an individual basis given the small amount of recovery. As a practical matter, denial of class treatment will lead to denial of recovery to the individual class members.

34. The interest of each Class Member in controlling the prosecution of his or her individual claim against Defendants is small when compared with the efficiency of a class action.

## FIRST CAUSE OF ACTION
(Continuing Wages, California Labor Code §§ 201.5, 203, 204
On Behalf of Plaintiff and the Class Against All Defendants)

26. Plaintiff realleges and incorporates herein by reference the allegations contained in this Complaint as though fully set forth herein.

27. Defendants employed Plaintiff on the Production. As of the date of filing of this Complaint, Plaintiff has not been timely compensated in full for his services.

28. Upon information and belief, Aggrieved Employees have not been timely compensated in full for their services.

29. Plaintiff worked for Defendants in September of 2018 but received wages in November 2018.

30. Defendants' failure to compensate Plaintiff and Aggrieved Employees within the time for which provision is made by section 201.5 of the California Labor Code, despite their knowledge of their obligation to do so, was and is "willful" as the word is used in section 203.

31. Pursuant to section 203 of the California Labor Code, Plaintiff and the Class Members are entitled to continuing wages from Defendant Bonded Films in an amount according to proof, and of at least $18,900, for Plaintiff. Plaintiff and Aggrieved Employees are also entitled to recover costs and reasonable attorneys' fees under section 218.5 of the California Labor Code.

## SECOND CAUSE OF ACTION
(Failure to Provide Information on Pay Stubs, California Labor Code § 226(a)
On Behalf of Plaintiff Against All Defendants)

32. Plaintiff realleges and incorporates herein by reference the allegations contained in this Complaint as though fully set forth herein.

33.     Defendants failed to timely provide Plaintiff and Aggrieved Employees with wage statements conforming to the requirements of section 226(a) of the California Labor Code.  For example, Defendants failed to provide the inclusive dates of the pay period on the wage statements, thereby making it impossible to determine, from the wage statement alone, the required information or the dates on which wage payments are due or the legal name and address of the employer. Bonded Films, did not specifically identify itself at the employer. All of the foregoing was intentional misconduct of Defendants that injured Plaintiff and Aggrieved Employees insofar as they were subjected to confusion and deprived of information to which they were legally entitled.

34.     The failure of Defendants to provide proper wage statements violates section 226(a) of the California Labor Code insofar as neither the Plaintiff nor other Aggrieved Employees have received data to which they are entitled.  The failure to provide Plaintiff or Aggrieved Employees with wage statements caused Plaintiff and Aggrieved Employees injury by depriving them of information to which they are legally entitled.

35.     Accordingly, Plaintiff is entitled to damages in an amount according to proof and costs and reasonable attorney's fees in accordance with the provisions of California Labor Code section 226(e), all in an amount of at least $50.

### THIRD CAUSE OF ACTION
(Damages for Unpaid Overtime Compensation,
California Labor Code §§ 510 and 1198
On Behalf of Plaintiff and the Class Against All Defendants)

36.     Plaintiff realleges and incorporates herein by reference the allegations contained in this Complaint as though fully set forth herein.

37.     On the Production, Plaintiff, as well as Aggrieved Employees, worked many hours for Defendants, including overtime, without compensation for work performed, as required by law.  However, they were not compensated for all overtime worked and the overtime rate was incorrectly calculated.

38.     Plaintiff and Aggrieved Employees are entitled to recover an amount according to proof.  Plaintiff and Aggrieved Employees are also entitled to recover costs and reasonable attorneys' fees under section 1194 of the California Labor Code.

## FOURTH CAUSE OF ACTION
(Damages for Unpaid Minimum Wages,
California Labor Code §§ 510, 1194, 1197.2 and 1198
On Behalf of Plaintiff and the Class Against All Defendants)

39.     Plaintiff realleges and incorporates herein by reference the allegations contained in this Complaint as though fully set forth herein.

40.     On the Production, Plaintiff and Aggrieved Employees, worked many hours for Defendants, without compensation for work performed, as required by law.

41.     Plaintiff and Aggrieved Employees are entitled to recover liquidated damages under section 1194.2 of the California Labor Code in an amount according to proof.  Plaintiff and Aggrieved Employees are also entitled to recover costs and reasonable attorneys' fees under section 1194 of the California Labor Code.

## FIFTH CAUSE OF ACTION
(Unfair Business Practices On Behalf of Plaintiff and the Class Members Against All
Defendants)

42.     Plaintiff realleges and incorporates herein by reference the allegations contained in this Complaint as though fully set forth herein.

43.     Business and Professions Code section 17200 et seq. prohibits acts of unfair competition, including any "unlawful, unfair, or fraudulent business act or practice."  Cal. Bus. & Prof. Code § 17200 et seq.  Plaintiff alleges that Defendants have engaged in unfair business practices in California by the above-described failure to pay all accrued overtime.

44.     Defendants' violations of the FLSA and California wage and hour laws constitutes a business practice because Defendants' aforementioned acts and omissions were done repeatedly over a significant period of time, and in a systematic manner, to the detriment of Plaintiff and Aggrieved Employees.

45.     Defendants have avoided payment of wages and overtime wages and other benefits required by the FLSA, the California Labor Code, the California Code of Regulations, and the applicable IWC Wage Order.

46.     As a result of Defendants' unfair and unlawful business practices, Defendants have reaped unfair and illegal profits during the relevant time period herein at the expense of Plaintiff and the Aggrieved Employees and members of the public. Defendants should be made to disgorge their ill-gotten gains and to restore them to Plaintiff and Aggrieved Employees.

47.     The actions of Defendant Bonded Films entitle Plaintiff to seek the remedies available under section 17200 et seq.  Plaintiff seeks a full restitution of said amounts from Defendant Bonded Films, as necessary and according to proof, to restore any and all amounts—including interest—withheld, acquired, or converted by Bonded Films by means of the unfair practices complained of herein.  Plaintiff, on behalf of themselves, as well as on behalf of the general public, further seeks attorney's fees and costs pursuant to sections 218.5 of the Labor Code and 1021.5 of the Code of Civil Procedure.  In addition, Plaintiff seeks the appointment of a receiver as necessary.

## SIXTH CAUSE OF ACTION

(Failure to Provide Employment Records Upon Request Cal. Lab. Code § 226(b)
On Behalf of Plaintiff Only and Against Defendants)

48.     Plaintiff realleges and incorporates herein by reference the allegations contained in this Complaint as though fully set forth herein.

49.     Pursuant to Labor Code section 226(b), an employer shall afford current and former employees the right to inspect or copy the records pertaining to that current or former employee, upon reasonable request to the employer.

50.     Plaintiff has requested that Defendants permit inspection or copying of his employment records pursuant to Labor Code section 226(b).  Defendants have failed to provide Plaintiff his employment records within 21 days of the request.

51.     Pursuant to Labor Code Section 226(b) and (f), Plaintiff is entitled, and hereby seeks to recover from Defendants a seven-hundred-fifty dollar ($750) penalty for Plaintiff, reasonable attorney's fees, and the costs of bringing this cause of action.

## SEVENTH CAUSE OF ACTION
(Failure to Provide Employment Records Upon Request Cal. Lab. Code § 1198.5
On Behalf of Plaintiff Only and Against Defendants)

52.     Plaintiff realleges and incorporates herein by reference the allegations contained in this Complaint as though fully set forth herein.

53.     Pursuant to Labor Code section 1198.5, an employer shall make the contents of an employee's personnel records available for inspection.

54.     Plaintiff has requested that Defendants permit inspection or copying of their personnel records pursuant to Labor Code section 1198.5.  Defendant has failed to provide Plaintiff with an opportunity to inspect or copy his employment records within 30 days of the request.

55.     Pursuant to Labor Code Section 1198.5(k), Plaintiff is entitled, and hereby seeks to recover from Defendants a seven-hundred-fifty dollar ($750) penalty for each Plaintiff, reasonable attorney's fees, and the costs of bringing this cause of action.

## EIGHTH CAUSE OF ACTION
(Fair Labor Standards Act On Behalf of Plaintiff and Aggrieved Employees Against All
Defendants)

56.     Plaintiff realleges and incorporates herein by reference the allegations contained in this Complaint as though fully set forth herein.

57.     Plaintiff is informed and believe, and on that basis allege, that Defendants are employers engaged in an enterprise in interstate commerce whose gross annual volume of business done is not less than $500,000 pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.

58.     Under 29 U.S.C. §§ 207(a) and 216(b), Plaintiff and Aggrieved Employees are entitled to recover from Defendants unpaid wages and overtime pay at a rate of 1.5

times the regular rate of pay for hours worked in excess of 40 hours per week, and an equal amount as liquidated damages, as well as costs and attorney's fees

59.    Defendants failed to compensate Plaintiff as required by 29 U.S.C. §§ 207(a) and 216(b) by failing to compensate Plaintiff and Aggrieved Employees for all time worked.

60.    Under 29 U.S.C. §§ 207(a) and 216(b), Plaintiff and Aggrieved Employees are entitled to recover from Defendants their liquidated damages and/or unpaid wages for hours worked in an amount to be proven at trial, as well as costs and attorney's fees.

61.    Defendants' violations of 29 U.S.C. § 207 were willful and intentional.

62.    Plaintiff brings this claim on a collective-action basis pursuant to the FLSA. The FLSA permits an employee to bring an action for unpaid wages on "behalf of himself . . . and other employees similarly situated," so long as all similarly situated employees "give[] [their] consent in writing to become . . . a party." 29 U.S.C. § 216(b). Pursuant to the FLSA, Plaintiff seeks to represent a Collective Action defined as:

> All Aggrieved Employees, defined as persons who provided services for Defendants during the period of time commencing three years prior to the filing of the Complaint, who were provided a wage statement in the State of California.

63.    On information and belief, none of the employees were timely paid all wages as required by sections 201.5, 203 or 204 of the California Labor Code.

64.    Plaintiff's consents to bring this action is attached hereto as **Exhibit 1.**

**WHEREFORE**, Plaintiff prays judgment as follows:

1.    That the Court certify the Class.

2.    That, under the First Cause of Action for **Continuing Wages**, it be adjudged that the failure of Defendants to make payment of Plaintiff's and Class Members' wages was in violation of section 201.5, and 204 of the California Labor Code, and was "willful" as that word is used in section 203 of the California Labor Code, and that the

Court enter judgment against Defendants in favor of Plaintiff and Class Members.  That judgment be entered in favor of Plaintiff and Aggrieved Employees in an amount according to law and proof, in the sum of at least $18,900, interest thereon, and costs and reasonable attorneys' fees in accordance with the provisions of California Labor Code section 218.5.

3.    That, under the Second Cause of Action, the Court enter judgment in favor of Plaintiff and against Bonded Films. That judgment be entered in favor of Plaintiff in an amount of at least $50, and costs and reasonable attorneys' fees in accordance with the provisions of California Labor Code section 226(e).

4.    That, under the Third Cause of Action for **Failure to Pay Overtime**, this Court enter judgment in favor of Plaintiff and Aggrieved Employees against Defendants in the amount of unpaid overtime and liquidated damages according to proof, interest thereon, and costs and reasonable attorneys' fees pursuant to sections 1194.

5.    That, under the Fourth Cause of Action for **Failure to Pay Minimum Wages**, this Court enter judgment in favor of Plaintiff and Class Members against Defendants in the amount of unpaid minimum wages and liquidated damages according to proof, interest thereon, and costs and reasonable attorneys' fees pursuant to sections 1194 and 1194.2.

6.    That, with respect to the Fifth Cause of Action for **Unfair Competition**, this Court enter judgment in favor of Plaintiff and Class Members against Defendants in the amount according to proof.  Plaintiff seeks full restitution of said amounts from Defendants, as necessary and according to proof, to restore any and all amounts—including interest—withheld, acquired, or converted by Defendants by means of the unfair practices complained of herein.  Plaintiff, on behalf of themselves, as well as on behalf of the general public, further seeks attorney's fees and costs pursuant to sections 218.5 of the Labor Code and 1021.5 of the Code of Civil Procedure.  In addition, Plaintiff seeks the appointment of a receiver as necessary.

7.    That, with respect to the Sixth Cause of Action for **Failure to Provide**

**Employment Records**, this Court enter judgment in favor of Plaintiff against Defendant Bonded Films of $750 per Plaintiff, reasonable attorney's fees, and the costs of bringing this cause of action under Labor Code Section 226(b) and (f).

8.     That, with respect to the Seventh Cause of Action for **Failure to Provide Personnel Records**, this Court enter judgment in favor of Plaintiff against Defendant Bonded Films of $750 per Plaintiff, reasonable attorney's fees, and the costs of bringing this cause of action pursuant to Labor Code Section 1198.5(k).

9.     That, under the Eighth Cause of Action for **Violation of the Fair Labor Standards Act**, the Court certify a collective action and enter judgment in favor of Plaintiff and Class Members against All Defendants, including attorneys' fees and reimbursement of costs.  That judgment be entered in favor of Plaintiff and Class Members in an amount according to proof or as otherwise plead.

For such further relief as the Court may order, including attorney's fees, costs, and interest pursuant to Labor Code sections 218.5 and 218.6, and Code of Civil Procedure section 1021.5, in an amount according to proof.

DATED:  July 9, 2019                                    HARRIS & RUBLE


                                                                      */s/* Alan Harris
                                                                      Alan Harris
                                                                      *Attorney for Plaintiff*

COMPLAINT

**<u>Index to Exhibits</u>**

Exhibit 1 – Plaintiff's FLSA consent forms.